UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOPE WOMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15 CV 734 JMB |
| | ) |
| DENNIS J. BARTON, III, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Hope Womble's Motion for Partial Summary Judgment, and Defendant's related Motion for Extension of Time to Complete Discovery. (ECF Nos. 11 and 29) Ms. Womble ("Plaintiff") alleges that Dennis J. Barton, III ("Defendant") has violated several various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. On November 20, 2015, the Court heard oral argument from the parties on these motions. At this juncture, Plaintiff seeks only a determination as to Defendant's liability, while reserving the right to discovery and trial concerning damages.[1] For the reasons discussed below, the Court will grant summary judgment as to liability for violation of 15 U.S.C. § 1692e(2)(A). The Court will deny summary judgment as to all other theories of liability. Also, the Court will deny Defendant's Motion for Extension of Time to Complete Discovery.

**I.    Background[2]**

The undisputed facts in this case demonstrate that Hope Womble is an individual consumer who incurred debts from medical services rendered by Madison Medical Center

---

[1]    This matter is before the Court on the consent of the parties under 28 U.S.C. § 636(c).
[2]    In its discussion of the factual issues in this case, the Court will refer to either uncontroverted facts, or will construe any facts that are in genuine dispute in favor of the non-movant. See Fed. R. Civ. P. 56(c); and Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Additionally, any discussion of factual issues in this memorandum is solely for purposes of this motion.

1

("MMC"). (See ECF No. 13 at 1; and ECF No. 28 at 1)[3] Eventually, Account Resolution Corporation ("ARC") bought those debts from MMC. ARC then hired Defendant—who is a professional debt collector—to recover the debts at issue in this case. (ECF No. 28 at ¶ 10)

In attempting to collect this debt, Defendant sent Plaintiff a letter dated March 5, 2015, informing Plaintiff that she owed $1,407.29 to MMC. (ECF No. 13-2) Thereafter, on April 21, 2015, Defendant filed a lawsuit against Plaintiff in the Circuit Court of Madison County, Illinois, alleging that Plaintiff owed $1,326.81 to MMC. (ECF No. 13-3 at 2)

Plaintiff then hired counsel to assist in defending against the lawsuit in Madison County, and the action was eventually dismissed. (ECF No. 13-1 at ¶ 20) Plaintiff filed this lawsuit thereafter, on May 8, 2015. (ECF No. 1) On August 6, 2015, Plaintiff moved for summary judgment as to liability for violation of the FDCPA, but reserved her right to discovery and trial regarding damages. (ECF No. 11 at ¶ 4)

## II. Legal Framework

### A. Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must construe all facts and evidence in the light most favorable to the non-movant, and must refrain from making credibility determinations and weighing the evidence. Id. at 255.

---

[3] ECF No. 13 is the Plaintiff's Statement of Uncontroverted Facts, submitted along with her motion for summary judgment. ECF No. 28 is Defendant's "Response" to Plaintiff's statement of uncontroverted facts.

The movant bears the initial responsibility of informing the district court of the basis for its motion and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Id. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248. A fact is material only when its resolution affects the outcome of the case. Id.

### B. Fair Debt Collection Practices Act

Congress passed the FDCPA to eliminate abusive debt collection practices, to ensure that ethical debt collectors are not competitively disadvantaged, and to protect consumers. See 15 U.S.C. § 1692(e); and Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010). In order to achieve its consumer protection purposes, the FDCPA has been described as a "strict liability statute" and the law "is liberally construed to protect consumers." See Zortman v. J.C. Christensen & Associates, Inc., 870 F.Supp.2d 694, 702 (D.Minn. 2012) (citing Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001)).

Among other things, the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In evaluating whether a debt collection activity is false, misleading, or deceptive, it must be viewed from the perspective of an "unsophisticated consumer." Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000). An "unsophisticated consumer" is one of "below average sophistication or intelligence," but the test contains an "objective element of

3

reasonableness" that "prevents liability for bizarre or idiosyncratic interpretations of collection notices." Peters v. General Service Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002); see also Duffy, 215 F.3d at 874-75 (noting the presence of "an objective element of reasonableness" in the unsophisticated consumer standard).

In order to establish liability under the FDCPA, Plaintiff must prove: (1) Plaintiff has been the object of collection activity arising from a consumer debt; (2) that Defendant qualifies as a debt collector under the FDCPA; and (3) that Defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. See Coleman v. Berman & Rabin, P.A., 2015 WL 4524599 (E.D.Mo. July 27, 2015) (citing Pace v. Portfolio Recovery Assocs.,LLC., 872 F. Supp.2d 861, 864 (W.D.Mo. 2012)).

Successful FDCPA plaintiffs are entitled to "actual damage[s]," plus costs and "a reasonable attorney's fee as determined by the court." See 15 U.S.C. § 1692k(a). A court may also award "additional damages," subject to a statutory cap of $1,000 for individual actions. §1692k(a)(2). In awarding additional damages, this Court must consider "the frequency and persistence of [the debt collector's] noncompliance," "the nature of such noncompliance," and "the extent to which such compliance was intentional." § 1692k(b).[4]

### III. Discussion

In her complaint, and again in her motion for summary judgment, Plaintiff argues that Defendant is engaged in wide-ranging violations of the FDCPA. (See ECF No. 12 at 4) ("Defendant's scheme to game pre-judgment interest violates nearly all provisions of the FDCPA.") Specifically, Plaintiff alleges violations of §§ 1692e(2)(A), 1692f(1), and 1692g(a)(1). Section 1692e(2)(A) prohibits "the false representation of the character, amount,

---

[4] As noted earlier, this summary judgment motion is limited to a determination of liability. Damages will be determined later, after additional discovery.

or legal status of any debt." Section 1692f(1) prohibits the "collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Section 1692g(a), in turn, requires a debt collector to send the consumer a written notice after its initial communication with the consumer containing, among other things, a correct statement of the amount of the debt. See § 1692g(a)(1). On the present state of the record, Plaintiff is only entitled to summary judgment under § 1692e(2)(A).

As noted above, an FDCPA Plaintiff must prove: (1) Plaintiff has been the object of collection activity arising from a consumer debt; (2) that Defendant qualifies as a debt collector under the FDCPA; and (3) that Defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. See Pace, 872 F. Supp.2d at 864. Here, the parties do not contest the first two elements, agreeing that Defendant attempted to collect a consumer debt from Plaintiff, and that Defendant is a professional debt collector. (See ECF Nos 13 & 28, ¶¶ 1, 3, and 11, respectively; see also ECF No. 13-2) The parties only contest the final element of whether Defendant has violated § 1692e(2)(A). The undisputed facts, however, demonstrate that Defendant violated this provision. As noted above, Defendant sent a letter to Plaintiff dated March 5, 2015 alleging that Plaintiff owed $1,407.29 to MMC. (ECF No. 13-2) Meanwhile, on April 21, 2015, Defendant filed a lawsuit against Plaintiff, alleging that Plaintiff owed $1,326.81 to MMC. (ECF No. 13-3 at 2) Defendant does not contest these factual assertions, and admits that he sent the letter and filed the Petition initiating the lawsuit. (See ECF No. 28 at ¶¶ 11, 13, 16, 18, and 19)

These facts show that the Letter and Petition state different amounts of the alleged debt, and that one or both must be incorrect. Defendant's failure to accurately state the amount of an

alleged debt in a communication with a consumer violates § 1692e(2)(A). See Eger v. Messerli & Kramer, P.A., 2015 WL 868021 (D. Minn. Feb. 27, 2015) (holding that where a letter to a debtor stating the amount of the debt conflicted with the amount of the debt stated in court records, the debt collector had violated § 1692e(2)(A)'s prohibition on misrepresenting the amount of a debt); see also Duffy, 215 F.3d at 874 (holding that even a subtle misrepresentation or misstatement from a debt collector can constitute a violation of the FDCPA). Under FDCPA case law therefore, Plaintiff is entitled to summary judgment on liability for Defendant's violation of § 1692e(2)(A).[5]

In opposition to Plaintiff's motion for summary judgment, Defendant puts forth multiple arguments. In substance, Defendant's first argument is that it is simply too early for the Court to grant summary judgment, because discovery has not yet been conducted. (ECF No. 29 at ¶ 1) Defendant's argument is unavailing. For one thing, Rule 56(b) of the Federal Rules of Civil Procedure explicitly allows a party to file a motion for summary judgment "at any time until 30 days after the close of all discovery." Additionally, any discovery of additional facts is irrelevant for purposes of § 1692e(2)(A) because the only salient facts are the differing amounts of the debt. Cf. Anderson, 477 U.S. at 248 ("Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment.).

Defendant's second main argument in opposition to summary judgment is that he *may* have an affirmative defense to Plaintiff's claims. (ECF No. 27 at 4) ("With discovery, Barton

---

[5] This conclusion is consistent with the unsophisticated consumer test and the broader purposes of the PDCPA for several reasons. First, it protects consumers because it is likely that an unsophisticated consumer in Plaintiff's position would be confused as to the nature and amount of her debt in the face of these contradictory communications from Defendant. Second, interpretations such as this serve the Congressional purpose of eliminating abusive debt collection practices by incentivizing debt collectors to put controls in place to ensure accuracy. See 15 U.S.C. § 1692(e) (describing Congress's declaration of purpose behind the FDCPA).

would be able to establish [a bona-fide error] defense as it relates to the amount of the debt in question, including the interest rate.")

To establish a bona fide error defense, "a debt collector must prove by a preponderance of the evidence that its FDCPA violation was unintentional and was caused by an objectively bona fide error (i.e. one that is plausible and reasonable) made despite the use of procedures reasonably adapted to prevent that specific error." See Wilhelm v. Credico, Inc., 519 F.3d 416, 420 (8th Cir. 2008); see also 15 U.S.C. § 1692k(c). The bona fide error defense exists as an exception to the strict liability imposed upon debt collectors by the FDCPA. Picht v. John R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001).

This argument will not preclude summary judgment. As an initial matter, Defendant would have the burden of proving any affirmative defense at trial, and in ruling upon Plaintiff's motion for summary judgment, this Court only analyzes whether Plaintiff has carried her burden on those elements for which she will carry the burden at trial. See Celotex, 477 U.S. at 323 ("we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim") (emphasis in original).

Additionally, the Court notes that Defendant simply alleges, in a conclusory manner, that an affirmative defense will be relevant to this case. (See ECF No. 27 at 4) ("With discovery, Barton would be able to establish this defense as it relates to the amount of the debt in question….") Defendant cites no material facts, either in the form of affidavit or other evidence in the record, which suggest that an affirmative defense under § 1692k(c) is plausible. It is settled law that a party resisting summary judgment may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256.[6]

---

[6] Additional related arguments by Defendant are addressed below, in the Court's discussion of Defendant's Motion For Extension of Time to Complete Discovery.

7

In the end, Defendant simply does not contest the two material facts necessary for Plaintiff to prevail under § 1692e(2)(A)—that he sent a collection letter to Plaintiff stating that the debt was one amount, and that he filed a lawsuit, with an attendant affidavit representing that that debt was a different amount. This is a clear violation of § 1692e(2)(A) under Eger and Duffy. The facts Defendant disputes do not alter this conclusion. Stated differently, Defendant has identified no disputed material facts that might somehow undercut Plaintiff's § 1692e claim.

The Court holds, however, that Plaintiff is not entitled to summary judgment on the broader grounds alleged. As it relates to the purported violations of § 1692g(a)(1), for example, it is not clear that Defendant's letter to Plaintiff was the first communication between the parties. Plaintiff asserts that the letter is the first communication, but Defendant disputes that. (ECF No. 13 at ¶ 12; and ECF No. 28 at ¶ 12). Moreover, even Plaintiff concedes that some of her broader claims relating to the amount and propriety of interest are not ripe for summary judgment yet. (See ECF No. 30 at 6-7) (admitting that Defendant is correct that "an issue in this case likely will be whether the interest on the debt" was properly calculated, and noting that these allegations are included in the pleadings thus far "to orient the Court as to the theme" of Plaintiff's case)

The fact that Defendant disputes some material facts relevant to the broader theories of recovery, combined with the consideration that the summary judgment motion was filed very early combine to convince this Court that summary judgment on broader grounds is unjustified.

**IV.     Defendant's Motion For Extension of Time to Complete Discovery**

Also before the Court is Defendant's request, under Rule 56(d) of the Federal Rules, for more time to complete discovery. Rule 56(d) provides that if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may defer consideration of the summary judgment motion, or allow

additional time to take discovery. The burden is on the non-movant to "affirmatively demonstrate" how postponement of summary judgment would enable him to rebut Plaintiff's evidence. Hearing v. Minnesota Life Ins. Co., 793 F.3d 888, 894 (8th Cir. 2015). Further, mere "[s]peculation cannot support a Rule 56(d) motion." F.D.I.C. v. Arciero, 741 F.3d 1111, 1116 (10th Cir. 2013). The decision to grant or deny such relief is within the sound discretion of the Court. Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 797 (8th Cir. 1996). For the reasons stated below, Defendant has not met his burden to "affirmatively demonstrate" why this Court should postpone ruling on Plaintiff's summary judgment motion.

In support of his motion, Defendant argues that it is simply too early to decide a motion for summary judgment, and that there are specific lines of inquiry that he would like to pursue in discovery. ( See, e.g., ECF No. 29 at ¶¶ 2, 5-7) This is unavailing. First, Rule 56 specifically allows summary judgment motions to be filed "at any time until 30 days after the close of all discovery." See Fed. R. Civ. P. 56(b). Therefore, Defendants conclusory arguments that summary judgment is premature are in conflict with the plain text of the federal rules.

Second, Rule 56(d) requires the movant to articulate "specified reasons" that he cannot present facts necessary to oppose summary judgment. Defendant, however, merely speculates as to paths of discovery he would like to pursue. Mere speculation is not sufficient to meet Defendant's burden. See Arciero, 741 F.3d at 1116.

Also, Defendant does not articulate how he has been precluded thus far from getting facts necessary to oppose summary judgment. Plaintiff's complaint was filed on May 8, 2015, and yet, Defendant admits that "no written discovery has been conducted in this matter, and no depositions have been taken." (ECF No. 29 at ¶ 1) Defendant apparently has not been pursuing avenues of discovery at his disposal. Delay in propounding ordinary discovery is not grounds for

9

delaying summary judgment. See Textron Financial Corp. v. Weeres Industries Corp., 2011 WL 2682901 (D. Minn. June 17, 2011) (denying a Rule 56(d) motion because the party had more than three months to pursue discovery before its response to summary judgment was due but made no effort to do so despite knowing the relevant issues).

Third, Defendant's assertions that he needs more discovery are unavailing because he seeks information that is either irrelevant, or likely already within his possession or control. As to the irrelevant information, Rule 56(d) allows Defendant to seek extra time to discover facts "essential to justify its opposition" to the underlying summary judgment motion. The facts that Defendant discusses in his motion are not essential to justify his opposition to summary judgment—they are only relevant to issues of damages, or wider theories of liability on which the Court is not granting summary judgment right now. (See e.g. ECF No. 29 at ¶¶ 5,6) (requesting time to conduct discovery relating to the date that demand for payment was first made to Plaintiff, because the date of first demand is relevant to the amount of allowable interest under Missouri law) Therefore, Defendant is seeking information that is irrelevant, and not "essential to justify" his opposition to summary judgment. Rule 56(d) does not permit this.

Finally, when Defendant was pressed at oral argument concerning his alleged bona fide error defense, he could not articulate what type of facts he was hoping to uncover in discovery that would be relevant to the bona fide defense analysis. Nor could Defendant articulate any procedures or policies that he had in place to prevent errors such as that which occurred in this case. Further, the focus of this defense is on the intention and procedures of Defendant. Any available information relating to the bona fide defense is likely to be in Defendant's possession. Therefore, Defendant's request for additional discovery under Rule 56(d) will be denied.

## V. Conclusion

For all of the above reasons, Plaintiff has demonstrated that she is entitled to summary judgment as to liability for Defendant's violation of 15 U.S.C. § 1692e(2)(A), and Defendants have not demonstrated that they are entitled to an extension of time to complete discovery under Fed. R. Civ. P. 56(d).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 11) is granted to the extent described in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to Complete Discovery (ECF No. 29) is denied.[7]

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of December, 2015

---

[7] Also entered this day is a related ruling on Defendant's Motion to Consolidate this case with Lewis v. Barton, 4:15 CV 865 JMB and Rumsfelt v. Barton, 4:15 CV 965 AGF. (ECF No. 25)